## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Trustees of the
BRICKLAYERS PENSION TRUST FUND – METROPOLITAN AREA; BRICKLAYERS AND TROWEL TRADES INTERNATIONAL RETIREMENT SAVINGS PLAN; BRICKLAYERS HOLIDAY TRUST FUND, METROPOLITAN AREA; TROWEL TRADES HEALTH AND WELFARE FUND, DETROIT AND VICINITY, BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; DETROIT METROPOLITAN MASONRY JOINT APPRENTICESHIP AND TRAINING COMMITTEE; the BRICKLAYERS INTERNATIONAL MASONRY INSTITUTE and the LABOR-MANAGEMENT COOPERATION COMMITTEE;;

Case No.: 20-10898
HON.
Magistrate Judge:

Plaintiffs,

v.

ALFORD CONSTRUCTION GROUP, LLC, a Michigan limited liability company, and HAROLD ALFORD, an individual, jointly and severally,

Defendants.

| NOVARA TESIJA & CATENACCI, PLLC ATTORNEYS FOR PLAINTIFFS EDWARD J. PASTERNAK (P58766) 888 W. BIG BEAVER RD., SUITE 600 TROY, MI 48084 (248) 354-0380 ejp@ntclaw.com | |
|---|---|

## COMPLAINT

NOW COME Plaintiffs, by and through their attorneys, NOVARA TESIJA & CATENACCI, PLLC, and for their Complaint, state as follows:

1.      Plaintiffs, the Trustees of the Bricklayers Pension Trust Fund – Metropolitan Area; Bricklayers and Trowel Trades International Retirement Savings Plan; Bricklayers Holiday Trust Fund, Metropolitan Area; Trowel Trades Health and Welfare Fund, Detroit & Vicinity; Bricklayers and Trowel Trades International Pension Fund; Detroit Metropolitan Masonry Joint Apprenticeship and Training Committee; and the Bricklayers International Masonry (hereinafter "Funds") are each jointly trusted funds in the building and construction industry which were established pursuant to Section 101 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186, and Sections 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145.  The Trustees bring this action on behalf of themselves, the Funds and the Funds' participants.

2.      The B.A.C. Local Union No. 1, is a labor organization, as defined in LMRA with its principal place of business located at 21031 Ryan Road, Warren, MI 48091.  Local 1 has merged with Local 9 to form Local 2 ("Local 2"), but maintains separate welfare and benefit funds and Collective Bargaining Agreements with the respective employers.

{2271883 }

2

3.      Upon information, knowledge and belief Defendant, Alford Construction Group, LLC is a Michigan limited liability company (hereinafter referred to as "Company"), and the principal place of business being 16146 Chapel, Detroit, MI 48219.

4.      Upon information and belief Harold Alford is the owner, officer, and president of Alford Construction Group, LLC, located at 16146 Chapel, Detroit, MI 48219, and does business in the State of Michigan.

5.      Jurisdiction of this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA") and Federal common law.  This Court also has pendent jurisdiction of any state-law claims ancillary to the relief sought herein.

## COUNT I
## ERISA: DELINQUENT CONTRIBUTIONS

6.      Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 5 of their Complaint as fully set forth herein.

7.      Section 515 of ERISA provides that "every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or

under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

8.  Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act which violates ERISA or to obtain other appropriate legal and equitable relief.

9.  Pursuant to the collective bargaining agreement (hereinafter "CBA") between Company and the Union, Company agreed to submit to an audit of its payroll records and to make employee fringe benefit contributions and assessments to the Funds for each employee covered by the collective bargaining agreement, which are individuals in the appropriate bargaining unit who perform covered work ("Employees"), and to be bound by the terms and conditions set forth in the Funds' Trust Agreements (the "Trust Agreements").  Defendants have copies of all records within their files. The relevant Trust Agreements are attached hereto as **Exhibit 1** and made a part hereof by reference.

10.  The Funds are third-party beneficiaries of the parties' collective bargaining agreement.

{2271883 }

4

11.    Company has violated both its contractual and statutory obligations by failing to submit its pertinent books and records for an audit and failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee covered by the collective bargaining agreement and as incorporated in same, the relevant Trust Agreements.

12.    As a result of Company's violations of its contractual and statutory obligations, Defendants have violated ERISA, the collective bargaining agreement and the relevant Trust Agreements.

13.    Plaintiffs are entitled to all remedies under ERISA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

14.    At all relevant times, Defendant Company was bound to the parties' collective bargaining agreement.

15.    The Funds have been damaged in such amount as is found due by an audit.

16.    Further, in operating Company, upon information, knowledge and belief, Defendant Harold Alford has, among other things, (a) failed to follow business formalities, (b) failed to adequately capitalize the business which has caused a failure to remit contributions to Plaintiffs, (c) commingled personal and

business assets, and (d) committed fraud by taking monies from the business while failing to make fringe benefit contributions to Plaintiffs.

17.     An injustice will be imposed on Plaintiffs in the absence of individual liability because the ability of Defendant Company to pay delinquencies owed to Plaintiffs and their participants is in serious doubt.

18.     Defendant Company has fraudulently avoided paying required benefit contributions to Plaintiffs and engaged in misconduct, which includes, but is not limited to, converting money paid to it for the purpose of paying benefit contributions to Plaintiff Funds and retaining monies required to be paid for the benefit of its employees.

19.     As an officer, director, manager, member and/or shareholder and person who makes decisions, Defendant Harold Alford, is responsible for Defendant Company's compliance with its contractual and statutory obligations to Plaintiffs.

20.     Notwithstanding Company's contractual and statutory obligations, upon information, knowledge and belief, Defendant Harold Alford has failed to follow business formalities, had personal knowledge of Company's undercapitalization, and with the requisite intent, fraudulently and improperly diverted monies which were to be paid for the benefit of its employees.

{2271883 }

6

21.     Because of Defendant Harold Alford's actions and/or inactions cited within this Complaint, Plaintiffs have suffered financial losses.

WHEREFORE, Plaintiffs request that the Honorable Court grant the following relief:

    a.     Order an audit of the Company to determine the amount due the Funds;

    b.     Enter a judgment in the Plaintiffs' favor against Company and Harold Alford for all amounts revealed as owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

    c.     That jurisdiction of this matter be retained pending compliance with the Court's orders; and

    d.     Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT II
## BREACH OF FIDUCIARY DUTIES

22.     Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 21 of their Complaint as fully set forth herein.

## General

23.     Participants of the Funds were employed by Company to perform work and provide labor on various construction projects in the State of Michigan.

{2271883 }

24.     The participants of the Funds provided labor and services, on behalf of Company, pursuant to the parties' CBA and thus earned outstanding fringe benefit contributions in connection with and in furtherance of their employment and labor on said projects.

25.     Company was obligated to pay fringe benefit contributions to the Funds for these participants on said projects.

26.     The outstanding accrued fringe benefit contributions were properly payable to the Funds administered by Plaintiffs when due.

27.     Company received monies on said projects, but failed to pay all of the fringe benefit contributions owed the Funds on said projects when due.

28.     The accrued fringe benefit contributions and monies in Company's possession, custody and/or control from said projects which were available to pay the participants' accrued fringe benefit contributions were to be held in trust by Defendants in their capacity as fiduciaries, as required by ERISA, 29 U.S.C. §1145, until Defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their CBA and Trust Agreements.

29.     The Trust Agreements for the Funds, incorporated by the relevant CBA, provide that unpaid contributions become plan assets at the time they become due.

30.    Defendants, including the individual Defendant, being Harold Alford, had actual and/or constructive notice of the above-referenced Trust Agreements and their respective amendments.

31.    Thus, Company accrued fringe benefit contributions owed to the Funds on said projects, that became plan assets of the respective Funds administered by Plaintiffs at the time they became due, as provided for in the Trust Agreement and Plan documents, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

32.    ERISA provides that a person is a fiduciary with respect to the Funds to the extent that the person exercises any discretionary authority or control with the respect to the disposition of Plan assets. ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

33.    Owners, officers, and/or directors of Company are considered fiduciaries of the Funds based upon the conduct and authority of said people, including, but not limited to, their personal exercise of discretionary authority and control over Funds' assets.

## HAROLD ALFORD

34.    Defendant Harold Alford as an owner, officer, and/or director of Company, and upon information, knowledge and belief, personally exercised

discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, being plan assets recognized by ERISA.

35.     Defendant Harold Alford, as an owner, officer, and/or director of Company is considered a fiduciary of the Funds based upon his conduct and authority over the contributions associated with same.

36.     Upon information, knowledge and belief, Defendant Harold Alford, as an owner, officer, and/or director of Company, personally exercised discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the relevant Trust Agreement and Plan documents.

37.     Since Defendant Harold Alford, as an owner, officer, and/or director of Company personally exercised discretionary authority and control over Company's accrued fringe benefit contributions, being plan assets, he is a fiduciary of the Funds.

38.     Although legally and contractually obligated to do so, Defendant Harold Alford failed to turn over the above-mentioned plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.

39.     Upon information, knowledge and belief, Defendant Harold Alford utilized the accrued outstanding fringe benefit contributions and monies within his possession, custody and/or control for purposes other than payment to Plaintiffs.

40.     In failing to turn over such plan assets to Plaintiffs, Defendant Harold Alford violated 29 U.S.C. §§1145, 1104 and 1109, and his obligations under the CBA and Trust Agreements.

41.     Defendant Harold Alford's failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties regarding the Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

42.     Thus, by directing that Company's assets, which were owed to the Funds, be paid for other purposes instead of being deposited with the Funds for their participants and beneficiaries, Defendant Harold Alford failed to discharge his fiduciary duties with respect to the Funds solely in the interest of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

43.     ERISA imposes personal liability on a fiduciary that breaches fiduciary duties. 29 U.S.C. §1109.

{2271883 }

11

44.     As a result of his above-mentioned actions, Defendant Harold Alford breached his fiduciary duties owed to the Funds and is thus, personally liable to the Funds for such breaches.

45.     Defendant Harold Alford knew or should have known that he would be held personally liable for her above-referenced actions.

46.     ERISA also provides that if there is a loss caused by a breach of fiduciary duty, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

47.     Due to the above-mentioned actions and/or inactions of Defendant Harold Alford, the loss to the Funds will be revealed by audit.

48.     Defendant Harold Alford, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses to be determined, to the Funds.

49.     As stated within, the Funds have been damaged in an amount found due by audit because of Defendant Harold Alford's breach of his fiduciary duties.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

    a. Order an audit of the Company to determine the amount due the Funds;

    b. Enter a judgment in the Plaintiffs' favor against Company and Harold Alford for all amounts revealed as owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

c.   That jurisdiction of this matter be retained pending compliance with the Court's orders; and

d.   Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT III
## MICHIGAN BUILDING CONTRACT FUND ACT

50.   Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 49 of their Complaint as fully set forth herein.

51.   Participants of the Funds were employed by Defendant Company to perform work on various construction projects in the State of Michigan.

52.   Defendant Company has failed to pay all of the fringe benefit contributions owed the Funds on said projects.

53.   The Michigan Building Contract Fund Act (the "Act"), MCLR 570.151 et seq., imposes a trust on funds paid to a building contractor with subcontractors and material men as beneficiaries of said trust.

54.   Under the Act, Company and Harold Alford are fiduciaries and trustees for the Funds' participants, who are the beneficiaries of all monies paid to Company on said projects.

55.   The Defendants have failed to pay over to the Funds the monies held in trust and covered by the Act, which are due the Plaintiffs.

{2271883 }

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a.    Order an audit of the Company to determine the amount due the Funds;

b.    Enter a judgment in the Plaintiffs' favor against Company and Harold Alford for all amounts revealed as owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

c.    That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

d.    Any such other further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

NOVARA TESIJA & CATENACCI, PLLC

By: /s/Edward J. Pasternak

Edward J. Pasternak (P58766)
Attorneys for Plaintiffs
888 West Big Beaver Road, Suite 600
Troy, MI 48084
(248) 354-0380
ejp@ntclaw.com

Dated: April 8, 2020

{2271883 }

14